UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PRIME FOODS FOR PROCESSING AND )
TRADING )
D/B/A )
PRIME FOODS )
)
    vs. )
)
GREATER OMAHA PACKING CO., INC. )    Jury Demand
3001 L Street )
Omaha, NE 68107 )
)

COMPLAINT

COMES NOW, through undersigned counsel, Faisal Gill, and states the following:

### Nature of Action

**A. Breach of Defendant's Email Security**

1. This Complaint is against Greater Omaha Packing Co., Inc for negligent acts which allowed a fraudulent third party, under the name of Greater Omaha Packing, Inc., to commit fraud against Plaintiff Prime Foods.

2. Plaintiff Prime Foods had a continuing business relationship with Defendant Greater Omaha Packing Co., Inc., where they would place an order for products and wire money to Greater Omaha Packing Co., Inc. to pay for such items.

3. On or around September 13, 2017, Defendant Greater Omaha Packing Co., Inc. failed to safeguard their internal confidential commercial information, which was received by an unknown third party.

4. Greater Omaha Packing, Inc. used this information to produce and send a fraudulent email and invoices to Plaintiff Prime Foods with bank account

1

information for a bank account under "Greater Omaha Packing, Inc." with Defendant Bank of America that would divert the funds intended for Defendant Greater Omaha Packing Co., Inc. to go to this fraudulent company.

5. Based on the inconspicuously similar email address along with copious information only obtainable from Defendant Greater Omaha Packing Co., Inc.'s confidential commercial information, Plaintiff Prime Foods sent a wire transfer to the bank account information provided on the fraudulent proforma invoices.

6. Due to the negligent acts of Defendant Greater Omaha Packing Co., Inc., Plaintiff has incurred damages in the amount of $104,572.50.

### B. Defendant's Shipment of Contaminated Beef Products

7. This Cause of Action is for Defendant's breach of implied warranties of merchantability and fitness for a particular purpose when they shipped contaminated beef products to Plaintiff.

8. Through the parties' ongoing business relationship, Defendant knew Plaintiff to be a retailer of its beef products to local food vendors and merchants in Egypt.

9. Defendant manufactured, sold and shipped contaminated beef products to Plaintiff, which in turn were sold to a third-party vendor.

10. The third-party vendor, based on a lab sample of the products, found the beef products manufactured and sold by Defendant to be unfit for human consumption.

11. As a result, Plaintiff incurred damages in the cost of the shipment, lost profits (past and future), overhead, labor, and other amounts including but not limited to loss of goodwill.

## Jurisdiction

12. This court has jurisdiction under 28 USC § 1332, Diversity Jurisdiction.
13. This Court has personal jurisdiction over Defendant Greater Omaha Packing Co., Inc. because Defendant Greater Omaha Packing Co., Inc. has its principal place of business within this jurisdiction.
14. Venue is proper because Defendant Greater Omaha Packing Co., Inc. resides within the district, pursuant to 28 USC § 1391(c).

## Parties

15. Plaintiff, Prime Foods, is a company registered and licensed to do business in Egypt.
16. Defendant, Greater Omaha Packing Co., Inc., is an online retailer of consumer goods, with its principal headquarters in Omaha, Nebraska.

## Facts

### A. Factual Background Regarding Causes of Action for Breach of Email Security

17. Plaintiff Prime Foods is a retailer of beef products in Egypt.
18. Plaintiff Prime Foods has conducted multiple transactions with Defendant Greater Omaha Packing Co., Inc. for the purchase of beef products.
19. In each transaction, Plaintiff Prime Foods would place an order for the products they desired, then Defendant Greater Omaha Packing Co., Inc. would send Plaintiff Prime Foods a proforma invoice detailing the order along with the payment requirements and banking information in order to send wire transfers. Plaintiff would then send wire transfers in accordance with the banking information provided in the proforma invoices. (Please see Exh. 1).

20. On each proforma invoice, Defendant Greater Omaha Packing Co., Inc. holds out to their customers that their proforma invoice, and the information contained therein, is a trade secret and confidential commercial information. (Please see Exh. 1).

21. Transactions and communications between Plaintiff and Defendant Greater Omaha Packing Co., Inc. primarily took place via electronic mail.

22. During the beginning of September 2017, Plaintiff Prime Foods placed an order for beef products with Defendant Greater Omaha Packing Co., Inc. to be sent to Egypt.

23. Plaintiff Prime Foods communicated with Mark Spengler ("mark@greateromaha.com"), a sales representative, and Carol Mesenbrink ("carol@greateromaha.com"), the Credit/Account Manager, for Defendant Greater Omaha Packing Co., Inc. for this order.

24. On September 12, 2017, Plaintiff Prime Foods emailed Mr. Spengler to confirm their order of air and sea shipments, detailing that they would pay 50% upfront for the air shipment and 30% upfront for the sea shipment. (Please see Exh. 2).

25. Mr. Spengler then sent an email to Carol Mesenbrink, asking her to send Plaintiff the proformas for the shipments and to make note of the Plaintiff's instructions for payment. (Please see Exh. 2).

26. However, instead of receiving an email from Ms. Mesenbrink, on September 13, 2017, Plaintiff Prime Foods received an email from "carol@graeteromaha.com", stating that revised invoices were attached and that the banking information was included on the invoice. The invoices specifically detailed the payment details as

explained by Plaintiff to Mr. Spengler. The fraudulent email was attached to Mr. Spengler's request, looking as if it were a response from Ms. Mesenbrink. (Please see Exh. 2).

27. The invoices attached to the fraudulent email, Invoice No. 363886 and 363889, included banking information for an account with Bank of America for Greater Omaha Packing, Inc. located at a branch in Bowie, MD. (Please see Exh. 3).

28. The invoices attached to the fraudulent email required payment in the amount of $46,219.50 for No. 363886 and $58,353.00 for No. 363889 due by September 20, 2017. (Please see Exh. 3).

29. On September 14, 2017, Plaintiff Prime Foods transferred the required amounts to the banking information provided on the proforma invoices in the fraudulent email by wire transfer. (Please see Exh. 2).

30. On this same day, Plaintiff Prime Foods forwarded the email it sent to the fraudulent email accounts to Mark Spengler, who pointed out that the email Plaintiff received was misspelled. (Please see Exh. 2).

31. Plaintiff then emailed Carol Mesenbrink on September 14, 2017, stating that her email address was misspelled in the email she sent to him, and that the wire transfers had been sent, along with the wire information. (Please see Exh. 4).

32. Subsequently, on September 14, 2017, Plaintiff Prime Foods sent the proforma invoices he received on September 13, 2017 to Carol Mesenbrink.

33. Ms. Mesenbrink replied to Plaintiff Prime Foods on September 14, 2017, asking for Swift code information and thanking them for the information about the email address.

34. Despite Plaintiff's statement to Ms. Mesenbrink about the misspelled email address, Ms. Mesenbrink did not object to any of the banking information provided by Plaintiff in his emails to her on September 14, 2017.

35. On September 18, 2017, knowing about Plaintiff's transfer to the misspelled email address, Ms. Mesenbrink sent another email to Plaintiff about receiving the pro forma invoices, again making no objection to the banking information contained in the invoices. (Please see Exh. 5).

36. On September 26, 2017, Ms. Mesenbrink sent out an email to Greater Omaha Packing Co., Inc. customers about fraudulent attempts to redirect wire transfers to the company by using misspelled email addresses and incorrect banking information. (Please see Exh. 6).

37. Ms. Mesenbrink, however, knowing that Plaintiff had sent banking information to a misspelled email address, did not tell Plaintiff that they were a target of this fraud or that their wire transfer had been incorrectly sent at this time.

38. It was not until October 4, 2017, that Plaintiff Prime Foods received information that their wire transfer was not received by Defendant Greater Omaha Packing Co., Inc.

39. On October 4, 2017, while communicating about another pending transaction between the parties, Mark Spengler notified Plaintiff Prime Foods that Defendant Greater Omaha Packing Co., Inc. had not received the wire transfers. (Please see Exh. 7).

40. It was determined by Defendant Greater Omaha Packing Co., Inc. that an unknown third party (later determined to be Greater Omaha Packing, Inc.) opened

6

a bank account with Bank of America in the name of "Greater Omaha Packing, Inc." and then used the misspelled email address to divert funds paid to Greater Omaha from their customers. (Please see Exh. 8).

41. Defendant Greater Omaha Packing, Inc. was also able to obtain inside company information from Defendant Greater Omaha Packing Co., Inc. regarding pending consumer transfers in order to divert such wire transfers to the fraudulent account.

42. On information and belief, Defendant Greater Omaha Packing Co., Inc. failed to properly safeguard their customers' private financial and contact information, thus making their customers subject to fraudulent acts such as the fraudulent email sent to Plaintiff Prime Foods.

43. Due to the fraudulent transaction which was made possible by the negligent acts of Defendant Greater Omaha Packing Co., Inc., and failure of Defendant Greater Omaha Packing Co., Inc. to notify about the incorrect information and fraudulent actions in a timely manner, Plaintiff Prime Foods had to pay Defendant Greater Omaha Packing Co., Inc. the full amount of the proforma invoices to complete their transaction, thus repaying the initial amounts of $46,219.50 for No. 363886 and $58,353.00 for No. 363889.

44. Due to the fraudulent transaction by Defendant Greater Omaha Packing, Inc., which was made possible by the negligent acts of Defendant Greater Omaha Packing Co., Inc., and failure of Defendant Greater Omaha Packing Co., Inc. to notify about the incorrect information and fraudulent actions in a timely manner, Plaintiff Prime Foods was unable to stop the wire transfer to the fraudulent third

party, Defendant Greater Omaha Packing, Inc., and has been unable to retrieve the funds to this date, thus damaging Plaintiff in the amount of $104,572.50.

45. Plaintiff's claims against Bank of America and Greater Omaha Packing, Inc. are currently pending in the United States District Court for the District of Maryland, Case No. 8:18-cv-02534-PJM.

### B. Factual Background Regarding Causes of Action for Contaminated Food Products Sold by Defendant Greater Omaha Packing Co., Inc.

46. On December 17, 2017, Defendant Greater Omaha Packing Co., Inc. manufactured, sold, and shipped raw beef products to Plaintiff Prime Foods.

47. As part of the shipment, Defendant Greater Omaha Packing Co., Inc. provided Plaintiff with Certified Angus Beef Boneless Chuck, which had a production date of September 2017 and an expiration date of August 30, 2018.

48. In order to ship the beef products to Plaintiff in Egypt, Defendant placed the products in freezer containers which were supposed to maintain a desired temperature of -20 to -18 Celsius from Defendant's facility in Nebraska all the way to Plaintiff's facility in Egypt.

49. Plaintiff Prime Foods used the beef products from Defendant to retail to local food vendors and merchants in Egypt.

50. Approximately one month after the shipment date, Plaintiff Prime Foods received the shipment of raw beef products from Defendant Greater Omaha Packing Co., Inc. in Egypt.

51. Upon receipt of the shipment, Plaintiff immediately placed the products in their freezer warehouse, which maintained the appropriate temperature in order to maintain the products' frozen state.

52. Plaintiff took no steps to manipulate or penetrate the vacuum seal of the frozen beef products sent by Defendant.

53. In August 2018, Plaintiff Prime Foods delivered the Boneless Chuck sent by Defendant Greater Omaha Packing Co., Inc. to Amricana, an Egyptian company that operates multiple chain restaurants in Egypt, including Longhorn Steakhouse, TGI Friday's, and many other well known restaurants.

54. Upon their receipt of the product, on August 12, 2018, prior to the expiration date of the meat, Amricana tested a random sample of the Boneless Chuck manufactured and sold by Defendant to Plaintiff.

55. Amricana's laboratory analysis showed results of mild bad odor of the Boneless Chuck, change in the natural color of the meat, and an increased level of total volatile nitrogenous compounds. (Please see Exh. 9).

56. Based on the lab results, Amricana found the Boneless Chuck to be unfit for human consumption.

57. As a result of Defendant Greater Omaha Packing Co., Inc.'s manufacture, sale, and shipment of contaminated beef products, Amricana did not accept Plaintiff Prime Foods' delivery of the beef products and the goods were destroyed based on the lab findings.

58. As a result of Defendant Greater Omaha Packing Co., Inc.'s manufacture, sale, and shipment of contaminated beef products, Plaintiff Prime Foods incurred a loss of the shipment from Defendant of $80,175.92, together with costs of overhead and labor on the part of Plaintiff Prime Foods.

59. Further, as a result of Defendant Greater Omaha Packing Co., Inc.'s manufacture, sale, and shipment of contaminated beef products, Plaintiff has incurred significant damages, including but not limited to, business interruption, lost profits (both past and future), and loss of goodwill.

## COUNT I
## NEGLIGENCE

60. Plaintiff incorporates by reference the averments and allegations in paragraph 1-59 as stated herein.

61. Defendant Greater Omaha Packing Co., Inc. owed a duty to its customers to safeguard their information and take proper precautions to protect them from being targeted by fraudulent activities derived from information Defendant Greater Omaha receives from transactions with their customers.

62. Here, Defendant Greater Omaha Packing Co., Inc. breached their duty by failing to safeguard Plaintiff Prime Foods' information and inside company information regarding pending transactions with Plaintiff Prime Foods.

63. By Defendant Greater Omaha Packing Co., Inc.'s breach of their duty to their customers, Defendant Greater Omaha Packing, Inc. was able to send Plaintiff Prime Foods fraudulent proforma invoices for their pending transaction with Defendant Greater Omaha, including the current order placed by Plaintiff and banking information that was not for Defendant Greater Omaha Packing Co., Inc..

64. Because of Defendant Greater Omaha Packing Co., Inc.'s breach of their duty to Plaintiff Prime Foods, Plaintiff Prime Foods sent money to an unknown third party, thus causing them damages in the amount of $104,572.50.

## COUNT II
## NEGLIGENCE

65. Plaintiff incorporates by reference the averments and allegations in paragraph 1-64 as stated herein.

66. Once Defendant Greater Omaha Packing Co., Inc. found out about the fraudulent transactions, they had a duty to Plaintiff Prime Foods to notify the Plaintiff or the Bank of America branch immediately about the fraudulent transactions in order to intercept the wire transfers sent by Plaintiff to the fraudulent account.

67. Defendant Greater Omaha Packing Co., Inc. breached their duty by failing to notify the Plaintiff or the Bank of America immediately about the fraudulent transactions in order to intercept the wire transfers sent by Plaintiff.

68. By Defendant Greater Omaha Packing Co., Inc.'s breach of their duty to their customers, Defendant Greater Omaha Packing, Inc. was able to send Plaintiff Prime Foods fraudulent proforma invoices for their pending transaction with Defendant Greater Omaha, including the current order placed by Plaintiff and banking information that was not for Defendant Greater Omaha Packing Co., Inc..

69. Because of Defendant Greater Omaha Packing Co., Inc.'s breach of their duty to Plaintiff Prime Foods, Plaintiff Prime Foods sent money to an unknown third party, thus causing them damages in the amount of $104,572.50.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

70. Plaintiff incorporates by reference the averments and allegations in paragraph 1-69 as stated herein.

71. Defendant Greater Omaha Packing Co., Inc. manufactured, sold, and shipped beef products to Plaintiff and/or for Plaintiff's use.

72. At the time of the sale, Defendant Greater Omaha Packing Co., Inc. was a merchant with respect to the beef products sold to Plaintiff.

73. At the time Defendant Greater Omaha Packing Co., Inc. shipped the beef products to Plaintiff, the shipment of the beef products was not merchantable.

74. Within a reasonable time after Plaintiff discovered the breach, Plaintiff gave Defendant notice of such breach.

75. Defendant Greater Omaha Packing Co., Inc.'s breach of its warranties was the direct and proximate cause of the subsequent and resulting damages to Plaintiff.

## COUNT IV
### BREACH OF IMPLIED WARRANTY FOR FITNESS FOR PARTICULAR PURPOSE

76. Plaintiff incorporates by reference the averments and allegations in paragraph 1-75 as stated herein.

77. Defendant Greater Omaha Packing Co., Inc. manufactured, sold and shipped beef products to Prime Foods and/or for Prime Foods' use.

78. When the contract for sale was made, Plaintiff purchased the Greater Omaha Packing Co., Inc. beef products for the particular purpose of reselling the beef products to local Egyptian food vendors for human consumption. Greater Omaha Packing Co., Inc. knew of this particular purpose.

79. At the time the Greater Omaha Packing Co., Inc. beef products were delivered by Defendant to Plaintiff, the beef products were not fit for the particular purpose in question.

80. Within a reasonable time after Plaintiff discovered the breach, Plaintiff gave Defendant notice of such breach.

81. Defendant Greater Omaha Packing Co., Inc.'s breach of its warranties was the direct and proximate cause of the subsequent and resulting damages to Plaintiff.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1. Award Plaintiff any and all financial, economic and compensatory damages entitled to by law, as determined by a jury, on each of Counts I and II and III and IV in an amount to be determined at trial, but believed to be no less than $200,000.00, in addition;

2. Award Plaintiff other monetary damages that they may be entitled to under the law, including but not limited to costs and expenses incurred, lost profits and damage to Prime Foods's professional reputation; in addition

3. Award appropriate pre-judgment and post judgment interest; in addition

4. Award expert fees and attorney's fees and cost of this action as may be permitted by law; in addition

5. Award any other relief the Court deems just and appropriate.

**JURY TRIAL DEMANDED**

PLAINTIFF PRIME FOODS DEMANDS A JURY BY TRIAL ON ALL COUNTS.

Respectfully Submitted,

/S/ FAISAL GILL_____
Faisal Gill (DC Bar No 497312)
Gill Law Firm
1155 F Street

Suite 1050
Washington, DC 20005
202-570-8223 (office)
310-418-6675 (direct)
202-318-4331(fax)
fgill@glawoffice.com